Caldwell, J.
In this action, there was a motion sustained here to strike off the bill of exceptions, and the case comes on for hearing without a bill of exceptions, and the only question to be considered now is one of fact: Whether the findings of the referee are correct, and whether the court below was justified in affirming the judgment on those findings. So that,. unless something can be substituted foi' the bill of exceptions, it is impossible to try that question here.
The court in ordering the reference below,ordered the referee •to have each witness sign his testimony, and to report that testimony back into the court of common pleas; and the referee undertakes to show that he not only reports the testimony that was thus signed by the witness, but all the evidence that was introduced before him into the court of common pleas.
Now it is insisted that when that is done, that testimony becomes a part of the record of the case. But. we hold that that is not a part of the record, for which it is contended; that it is reported back into the court of common pleas for no other purposes than that the court there may in entering judgment upon the referee’s report, have that as a guide, and it may be used by the common pleas court in the correction or in the consideration of exceptions taken, not only to findings.of law, but to findings of fact, by the referee.
We are satisfied that such testimony has no pertinency whatever in the case beyond the extent to which the common pleas judge may use it; that in proceedings any further in the appellate courts or in any other court, it is of no use whatever unle ;s put in form in the bill of exceptions.
This identical case was decided before. Then the long-hand notes of the referee, wherein he had written out the testimony, were taken before the trial judge and used, and were afterwards undertaken to be used as the testimony in the case in the appellate court; but it was held thatthateould not be done. And that is our holding in this case.
Proceedings in error are statutory proceedings purely. Every step is pointed out by statute, and, in order that the end and purpose may be reached in bringing a case, of prosecuting a case, of carrying it on in the court of error, it is necessary that every step of the statutes should be complied with. They are not looked on as remedial statutes or anything of that nature, but they are statutes that grant certain rights and, in order to secure these rights, they must be strictly complied with.
Now the statutes point out but one way in which proceedings may be brought before a reviewing court in this state, and that is by bill of exceptions; and to extend the right of courts to review facts beyond that, would be deviating very materially from the general rule that pertains to all proceedings in error, and we do not think that can be done.
Now there is that uncertainty in regard to this testimony, *612 and necessarily must be. But we hold, as we have already stated, that this testimony has no reference to this case, no application in any proceeding in it beyond the hearing inúthe common pleas court, and the only way to make it any part of the proceedings here or to make it so that it can be used, is to Eut it into the bill of exceptions, and properly certified and ave it signed.
That being true,^we find in this case, there is no testimony before the court upon which we can examine into the questions of fact raised.
We, therefore, affirm the judgment of the court of common pleas.